**Norik Amarpovich ARAKELYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71172.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 13, 2007.

Vadim Yuzefpolsky, Esq., Law Offices of Vadim Yuzefpolsky, Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Georgiann G. Cerese, U.S. Department of Justice, Environmental Crimes Section, Washington, DC, for Respondent.

Before: LEAVY, THOMAS and BERZON, Circuit Judges.

MEMORANDUM **

Norik Amarpovich Arakelyan, a native and citizen of Armenia, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of his application for asylum, withholding of removal

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where the BIA adopts and affirms the decision of the IJ, we review the decision of the IJ as the final agency determination. *See Smolniakova v. Gonzales,* 422 F.3d 1037, 1044 (9th Cir.2005).

We review an adverse credibility finding under the substantial evidence standard and may reverse only if the evidence compels a contrary conclusion. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir. 2004).

Substantial evidence supports the IJ's adverse credibility finding. Arakelyan's testimony was inconsistent with his application and a sworn interview with regard to whether he was arrested and detained in 1998. His testimony was also internally inconsistent and in conflict with documentary evidence concerning the timing and reason for his decision to leave Armenia. These inconsistencies go to the heart of Arakelyan's claim and support the IJ's adverse credibility finding. *See Li v. Ashcroft,* 378 F.3d 959, 962, 964 (9th Cir.2004) (holding that an adverse credibility determination is affirmed so long as one basis for determination is supported by substantial evidence).

In the absence of credible testimony, Arakelyan did not establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003). Arakelyan does not challenge the denial of his CAT claim.

PETITION FOR REVIEW DENIED.